[No. B062594. Second Dist., Div. Three. Mar. 10, 1992.]

REGGIE JERMAINE BATISTE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

### COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Marc Zilversmit, Elizabeth Warner-Sterkenburg and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

James K. Hahn, City Attorney, James R. Kapel, Assistant City Attorney and Janet G. Bogigian, Deputy City Attorney, for Real Party in Interest.

### OPINION

**DANIELSON, Acting P. J.**—Reggie Jermaine Batiste seeks a writ of mandate directing the Los Angeles County Superior Court to vacate and set aside the order of October 11, 1991, denying his petition for writ of mandate directing the municipal court to sustain his demurrer to the charge that he violated Los Angeles Municipal Code section 56.30 (section 56.30), subdivision (e).

The primary issues presented by this petition are (1) whether section 56.30, subdivision (e) has been preempted by the general law of this state,

and (2) whether the section is unconstitutionally vague. We deny the petition.

## FACTS

Petitioner was charged with entering a fenced area of Los Angeles International Airport grounds which was posted with signs forbidding trespassing, without having upon his person the express written consent of the person, firm, corporation, department or agency lawfully in possession or control thereof, in violation of section 56.30, subdivision (e). According to the police report prepared in connection with petitioner's case, the arresting officer observed petitioner collecting bottles from the ground within the posted boundary of the airport.

## CONTENTIONS

Petitioner contends section 56.30, subdivision (e) is preempted by general law and therefore void, in that its provisions contradict those of subdivision (t) of Penal Code section 602, enacted by the Legislature in 1990, and moreover, the Legislature thereby implicitly demonstrated its intent to fully occupy the area of posting restricted areas at airports. Petitioner also contends section 56.30, subdivision (e) is unconstitutionally vague.

## DISCUSSION

The California Constitution provides, in article XI, section 7: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

*Penal Code Section 602*

The relevant general law is expressed in Penal Code section 602, which provides in part: "[E]very person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor: . . .

"(t) (1) Knowingly entering, by an unauthorized person, upon any airport operations area if the area has been posted with notices restricting access to authorized personnel only and the postings occur not greater than every 150 feet along the exterior boundary.

"(2) Any person convicted of a violation of paragraph (1) shall be punished as follows:

"(A) By a fine not exceeding one hundred dollars ($100).

"(B)   By imprisonment in the county jail not exceeding six months, or by a fine not exceeding one thousand dollars ($1,000), or both, if the person refuses to leave the airport operations area after being requested to leave by a peace officer.   ·

"(C)   By imprisonment in the county jail not exceeding six months, or by a fine not exceeding one thousand dollars ($1,000), or both, for a second or subsequent offense.

"(3)   As used in this subdivision the following definitions shall control: [¶] (A) 'Airport operations area' means that part of the airport used by aircraft for landing, taking off, surface maneuvering, loading and unloading, refueling, parking, or maintenance, where aircraft support vehicles and facilities exist, and which is not for public use or public vehicular traffic. [¶] (B) 'Authorized personnel' means any person who has a valid airport identification card issued by the airport operator or has a valid airline identification card recognized by the airport operator, or any person not in possession of an airport or airline identification card who is being escorted for legitimate purposes by a person with an airport or airline identification card. [¶] (C) 'Airport' means any facility whose function is to support commercial aviation."

*Section 56.30*

Section 56.30 is entitled "Trespassing and Loitering—Forbidden Upon and Near Posted Properties." Subdivision (a) provides: "Public safety is hereby declared to require that the uninterrupted operation of the aircraft and petroleum industries and of utilities supplying water, gas and electricity be protected by preventing the intrusion upon the properties thereof of idle, curious or malicious persons and of persons whose presence thereon is not necessary, and by prohibiting the loitering about such places by persons capable of inflicting harm to or of impeding the use of such vital industries and utilities."

Subdivision (b) requires the posting at each entrance to any structure or fenced or enclosed area devoted to such use, and at intervals of not more than three hundred feet around any area devoted to such use, of "substantial signs not less than one square foot in area, displaying prominently the words, 'TRESPASSING—LOITERING—FORBIDDEN BY LAW'; provided, however, that any public waiting room, dining room, office or other portion of any structure or premises to which general public access is required in the normal use and operation thereof or where materials are delivered to or received by the public, need not be so posted."

The places required to be so posted are enumerated in subdivision (c), and include "[e]very airport, and every plant, field and structure used for the manufacture, assembling or testing of aircraft . . . ." (§ 56.30(c)(1).)

Subdivision (e) of section 56.30 provides: "Trespassing—A Misdemeanor. When any such premises is posted as provided in this section, it shall be unlawful for any person to go upon or to remain upon any place within the posted boundary of any such premises, or to enter or to remain in any such posted structure, without having upon his person the express written consent of the person, firm, corporation, department or agency lawfully in possession or control thereof."

*Preemption*

██  Recognizing that the Legislature has not expressly prohibited local regulation in this area, petitioner contends any municipal regulation is preempted by implication. ██  "In determining whether the Legislature has preempted by implication to the exclusion of local regulation we must look to the whole purpose and scope of the legislative scheme. There are three tests: '(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality.' [Citations.]" (*People* ex rel. *Deukmejian* v. *County of Mendocino* (1984) 36 Cal.3d 476, 485 [204 Cal.Rptr. 897, 683 P.2d 1150].)

██  "[T]respass has long been an area in which local units have legis-lated; such an area may involve special local problems of facilities and geography with which a state Legislature could cope only with difficulty." (*In re Cox* (1970) 3 Cal.3d 205, 220 [90 Cal.Rptr. 24, 474 P.2d 992].)

In our case, the municipal code deals with access to any fenced or enclosed and posted area of the airport, while the state law deals only with areas of airport "operations." The subject matter of airport access is obvi-ously not fully and completely covered by the general law. (See *California Water & Telephone Co.* v. *County of Los Angeles* (1967) 253 Cal.App.2d 16, 27-28 [61 Cal.Rptr. 618].) Contrary to petitioner's assertions, there is noth-ing in the general law to indicate that a paramount state concern will not

tolerate additional local action; nor is the subject such that the adverse effect of the municipal ordinance on the transient citizens of the state outweighs the benefit to the municipality.

Petitioner contends conflicts exist between the ordinance and statute here in issue, in that they impose different posting requirements, and different punishments are prescribed for violating the respective sections, which overlap, in that the "airport operations area" as defined in Penal Code section 602, subdivision (t)(3)(A) is included within the "airport" referenced in section 56.30.

The different posting requirements apply to different areas of the airport, and do not conflict. The different punishments prescribed by the state and the municipality likewise apply to trespasses upon different areas of the airport. In any event, the city council was free to devise a penalty it deemed appropriate to the seriousness of the problem addressed by section 56.30. (See *California* v. *Zook* (1949) 336 U.S. 725, 736 [93 L.Ed. 1005, 1013, 69 S.Ct. 841.)

While section 56.30 does not expressly except from its terms the "operations area" of the airport, the power of the municipality obviously stops where the area occupied by the state commences, and the line of demarcation is clearly marked by the posting prescribed by Penal Code section 602.

In his reply brief, petitioner claims there are only two areas of an airport: the operations area, and, in his words, the area devoted to "offices, terminals, parking lots, and other areas used by the public for access to the airport, for the delivery and receiving of goods, and for boarding aircraft." He urges that since the former area is governed by Penal Code section 602, and the latter area is excluded from both Penal Code section 602 and section 56.30, the two laws provide for posting in the same places, and either duplicate or conflict with one another. He contends, further, that even if there is some area of an airport which is neither open to the public nor an operations area, and thus could be regulated by local government, he was in fact in the operations area at the time of his arrest. Neither the municipal court nor the superior court had before it sufficient facts, in this proceeding on a demurrer, to determine the truth of either of these claims.

*Vagueness*

██ Petitioner contends section 56.30, subdivision (e), is unconstitutionally vague "because it provides no mandatory limitations concerning what

areas of an airport may be posted," subjecting persons entering those areas to criminal punishment. Petitioner notes that subdivision (b) of section 56.30 provides that certain areas of the airport to which public access is required in the normal use of the facility "need not be so posted," but does not forbid the posting of such areas. ■ A statute which forbids specified conduct is unconstitutional on vagueness grounds only if "[persons] of common intelligence must necessarily guess at its meaning and differ as to its application." (*Cranston* v. *City of Richmond* (1985) 40 Cal.3d 755, 763 [221 Cal.Rptr. 779, 710 P.2d 845].) " 'Reasonable certainty is all that is required. A statute will not be held void for uncertainty if any reasonable and practicable construction can be given its language.' " (*People* v. *Superior Court (Hartway)* (1977) 19 Cal.3d 338, 345 [138 Cal.Rptr. 66, 562 P.2d 1315].)

■ Persons of common intelligence would not need to guess at the meaning and application of section 56.30, which prohibits entry to any structure or upon fenced or enclosed airport grounds where signs barring entry are posted. The ordinance is designed to promote public safety by preventing the intrusion upon airport property of "idle, curious or malicious persons and of persons whose presence thereon is not necessary." (§ 56.30(a).) The ordinance is couched in positive terms, requiring the posting of airport property, except that property to which general public access is required, such as public waiting rooms, dining rooms, offices and the like. Petitioner's expressed fear that persons within airport grounds on legitimate business may be subjected to prosecution pursuant to section 56.30 is unfounded. He has failed to demonstrate from the text of the ordinance, or from actual fact, that a substantial number of instances exist in which the ordinance cannot be applied constitutionally. (*New York State Club. Assn.* v. *New York City* (1988) 487 U.S. 1, 14 [101 L.Ed.2d 1, 16-17, 108 S.Ct. 2225].) In any event, " '[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' (*Parker* v. *Levy* [1974] 417 U.S. 733, 756 [41 L.Ed.2d 439, 458].)" (*Cranston* v. *City of Richmond, supra,* 40 Cal.3d 755, 764.) Petitioner was arrested while in a posted, gated and locked area of the airport. He does not claim he was present in the area as an airline passenger or on any other legitimate airport business. The ordinance is not unconstitutional as applied to him.

## DECISION

The petition is denied. The alternative writ of mandate issued on November 25, 1991, is discharged.

Croskey, J., and Hinz, J., concurred.

Petitioner's application for review by the Supreme Court was denied May 27, 1992.